IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

ROSEMARY PEEK,

    PLAINTIFF,

v.                                         CASE NO.: CV-07-J-1629-NE

CITY OF DECATUR FIRE AND RESCUE
DEPARTMENT, et al.,

    DEFENDANT.

## MEMORANDUM OPINION

Pending before the court is defendant City of Decatur's motion for partial summary judgment (doc. 8), evidentiary submissions (doc. 9), and a brief in support of said motion (doc. 10), to which the plaintiff has filed a response in opposition (doc. 17). Defendant City of Decatur ("City") thereafter filed a reply (doc. 18). Having considered the pleadings and evidentiary submissions, the court finds as follows:

The plaintiff asserts that she was constructively discharged from her employment with the City of Decatur Fire and Rescue Department due to ongoing sexual harassment and discrimination. She states claims pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981A *et seq.*, and state law claims for invasion of privacy and emotional distress. Defendant City of Decatur filed a motion for partial summary judgment based solely on the plaintiff's failure to file a claim

with the City or a court action against the City within six (6) months of the accrual of her claims.

The plaintiff alleges that the actions about which she complains were so hostile that she resigned on September 17, 2006. This action was filed August 8, 2007.[1] Under Alabama law, a claim against a municipality arising out of tort must be presented within six months from the date that the claim arose. § 11-47-23, § 11-47-192, Code of Alabama 1975.

> Section 11-47-23 provides that, against municipalities, '[c]laims for damages growing out of torts shall be presented within six months from the *accrual* thereof or shall be barred.' ... Section 11-47-192 provides that the injured party should give notice of his injury by filing with the city clerk a sworn statement detailing the accident" (emphasis in original).

*Hill v. City of Huntsville*, 590 So.2d 876, 876 (Ala.1991). Failure to file such a claim with the city bars any recovery against such city. *Id.* The defendant submitted evidence that the plaintiff has never filed a sworn statement of her claim with Decatur. *See* affidavit of Betty Marshall. The plaintiff does not dispute that she neither filed a claim nor filed suit against the defendant City within the specified six months. However, she argues that strict compliance with the statutes is not required.

---

[1] This action was originally filed in the Circuit Court of Morgan County, Alabama, and removed to this court on September 7, 2007 (doc. 1).

She asserts that substantial compliance is sufficient, and that her actions constitute "substantial compliance." Plaintiff's response, at 2-3.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific

facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed.R. Civ.Pro. 56(e). The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

The plaintiff argues that receipt of her timely filed EEOC charge, her September 17, 2006, letter to the Mayor of the City, and her March 27, 2006, letter to City Counsel Liaison Billy Jackson are sufficient for substantial compliance. Plaintiff's response at 3. The court finds this argument akin to the facts before the Alabama Supreme Court in *Large v. City of Birmingham*, 547 So.2d 457 (Ala.1989). There, the Court stated as follows:

> Appellant further argues that the City had actual notice of the incident, and that actual notice rendered strict compliance with §11-47-23 unnecessary. Appellant, in addition to filing an accident report, did communicate, cooperate, and maintain contact, with the City. However, the required notice must be served upon the authorized representative of the City, in this case, the city clerk, and disclosure to any other division or supervisor cannot be treated as a notice for the purposes of instituting a claim. Moreover, in filing the accident report and receiving treatment, appellant did not express an intention to sue. Therefore, actual notice cannot be allowed to replace the statutory formal notice-of-claim requirement. Mere knowledge of the incident resulting in injury does not satisfy the objectives of the notice-of-claim statute.

*Large*, 547 So.2d at 458.

Here, the plaintiff submitted a letter to the Mayor of the City, stating that she was resigning due to systemic discrimination and harassment. Exhibit B to plaintiff's affidavit. She states in that letter of September 17, 2006, that she has filed a claim with the Birmingham office of the EEOC. *Id.* In an undated letter addressed "To Whom It May Concern," the plaintiff set out the factual basis for her ongoing complaints. Exhibit A to plaintiff's affidavit. The plaintiff states this letter was forwarded to the City Council Liaison, Billy Jackson, sometime around March 27, 2006, approximately six months prior to the plaintiff's resignation. Plaintiff's affidavit. Neither of these letters announce the plaintiff's intention to file state law tort claims against the City.

The plaintiff's EEOC charge, dated September 26, 2006, also does not state an intention to sue the City for state law tort claims. The Alabama Supreme Court has considered whether the filing of an EEOC charge can serve as substantial compliance with §§ 11-47-23 and 11-47-192, *Code of Alabama* (1975). In *Stabler v. City of Mobile*, the Court specifically found that the filing of an EEOC charge could not substitute for compliance with the Alabama statutes or the filing of a lawsuit, because:

> Although many of the factual allegations attached to Stabler's EEOC charge of discrimination include some of the same allegations made in Stabler's complaint, the charge of discrimination was sent not to the City

5

of Mobile, as was the complaint in *Diemert,* on which Stabler relies so heavily, but to the EEOC.

*Stabler v. City of Mobile,* 844 So.2d 555, 566 (Ala.2002). See also *Patrick v. City of Florala*, 793 F.Supp.301, 304 (M.D.Ala.1992) (finding that the failure to comply with the statutes barred state law claims, but not federal claims, against a city). The court finds the facts here to be analogous to those before the Court in *Stabler*. The plaintiff filed an EEOC charge setting forth the factual basis for her belief that she was the victim of discrimination.[2] That charge was sent to the EEOC. Whether or not the City received a copy of that charge is immaterial to the issue of notice because,

> [a]lthough Alabama courts have not required strict compliance with the notice-of-claim statutes, Alabama courts have refused to accept actual knowledge of a potential claim as a substitute for compliance with the notice-of-claim statutes.

*Stabler*, 844 So.2d at 567 (Ala.,2002), citing *Large,* 547 So.2d at 458 (Ala.1989).

The plaintiff has failed to establish that she satisfied a statutory prerequisite to bringing her state law claims. While recognizing that the Alabama Supreme Court has stated substantial compliance with the notice of claim statutes is sufficient, the

---

[2] Interestingly, the plaintiff argues that the decision in *Stabler* turned on the fact that the EEOC claim was not delivered directly to the City of Mobile and that this "is the only material fact that sets this case apart from *Diemert* where the complaint was delivered.... According to this logic, had the EEOC complaint in *Stabler* been delivered to the City of Mobile there would have been substantial compliance with the statute." Plaintiff's response, at 3. However, the plaintiff neither argues nor supplies evidence that the EEOC charge she filed against the City of Decatur was delivered to the City.

6

sole exception to strict compliance that the Alabama Supreme Court has allowed is the actual filing of a complaint against the City, within the time set forth for notice in the statutes. This court can find no case where the filing of an EEOC charge has been held to constitute substantial compliance with Ala.Code §§ 11-47-23 and 11-47-192. The court having considered the foregoing, and being of the opinion that the defendant's motion for partial summary judgment (doc. 8) is due to be granted on the plaintiff's state court claims, the court shall grant the defendant's motion by separate Order. The plaintiff's federal claims remain pending.

**DONE** this 1st day of October, 2007.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE