FILED

2007 Oct-11  AM 08:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

ROSEMARY PEEK,

      PLAINTIFF,

v.                                 CASE NO.: CV-07-J-1629-NE

CITY OF DECATUR FIRE AND RESCUE
DEPARTMENT, et al.,

      DEFENDANT.

### MEMORANDUM OPINION

Pending before the court are defendant City of Decatur Fire and Rescue Department's motion to dismiss (doc. 2), a brief in support of said motion (doc. 3), and the plaintiff's response to said motion (doc. 23); defendant Charles Johnson's motion to dismiss (doc. 4), a brief in support of defendant Johnson's motion (doc. 5), plaintiff's response to said motion (doc. 22), and defendant Johnson's reply (doc. 26); defendant City of Decatur's motion to dismiss (doc. 6), a brief in support of said motion (doc. 7), the plaintiff's response (doc. 21), and the City of Decatur's reply (doc. 25).  Also pending is defendant City of Decatur's motion to strike damages (doc. 11) and plaintiff's response (doc. 24).

Having considered the pleadings and evidentiary submissions, the court finds as follows:

The plaintiff asserts that she was constructively discharged from her employment with the City of Decatur Fire and Rescue Department due to an ongoing

hostile work environment based on her sex, sexual harassment and discrimination. Complaint, ¶¶ 6-10.  She states claims pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.*, and "42 U.S.C. § 1981A *et seq*.," and state law claims for invasion of privacy and emotional distress.

In reviewing motions to dismiss, the court must "accept the allegations of the complaint as true and construe them 'in the light most favorable to the plaintiff.'" *Simmons v. Sonyika*, 394 F.3d 1335, 1338 (11th Cir.2004); citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir.2003).  A motion to dismiss is granted "only when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Simmons*, 394 F.3d at 1338, citing *Spain v. Brown & Williamson Tobacco Corp*., 363 F.3d 1183, 1187 (11th Cir.2004)(quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).  *See also Jackson v. Okaloosa County, Fla.,* 21 F.3d 1531, 1534 (11th Cir.1994)(stating that the court "must accept as true the facts stated in the complaint and all reasonable inferences therefrom").

With these standards in mind, the court has considered the pending motions.

**Motion to Dismiss of City of Decatur Fire & Rescue Department** (doc. 2):

Defendant argues this is really a claim against the City of Decatur because as "City of Decatur Fire & Rescue Department" is not a legal entity, and any such claim is subsumed by the claims against the City of Decatur. The plaintiff concedes that Decatur Fire & Rescue is an agency of the city. The court shall grant the motion to dismiss City of Decatur Fire & Rescue Department (doc. 2) by separate order.

**Motion to Dismiss of Charles Johnson** (doc. 4):

Charles Johnson was the Fire Chief during the relevant time period. This defendant asserts, and the plaintiff concedes, that he is not an "employer" for purposes of Title VII claims. The court shall grant the motion to dismiss the Title VII claims against defendant Johnson by separate order.

Regarding the plaintiff's state law claims against Johnson, the plaintiff asserts that her harassment complaint was not kept confidential and was considered a big joke in the department. Complaint, ¶ 6. She states that if Chief Johnson was the one who disseminated her complaints, he could be found liable for outrage. Plaintiff's response, at 4. She also alleges that Johnson personally told her not pursue the harassment matter or she would find herself "moved permanently." Complaint, ¶ 7. The plaintiff alleges this too sets forth a claim for outrage. Plaintiff's response, at 5.

To set forth a claim for the tort of outrage, the plaintiff must allege conduct that was: (1) was intentional or reckless; (2) was extreme and outrageous; and (3) caused

3

emotional distress so severe that no reasonable person could be expected to endure it. *Soti v. Lowe's Home Centers, Inc.,* 906 So.2d 916, 919 (Ala.2005). The conduct must be "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Id.* Assuming that Chief Johnson did the very things plaintiff alleges, these actions are not so outrageous as to go beyond all possible bounds of decency or atrocious and utterly intolerable in a civilized society.[1]

Plaintiff also argues that Chief Johnson's tacit approval of the behavior of her coworkers can support a claim for invasion of privacy. Invasion of privacy "consists of four distinct wrongs: 1) the intrusion upon the plaintiff's physical solitude or seclusion; 2) publicity which violates the ordinary decencies; 3) putting the plaintiff in a false, but not necessarily defamatory, position in the public eye; and 4) the appropriation of some element of the plaintiff's personality for a commercial use. *Gary v. Crouch,* 867 So.2d 310, 318 (Ala.2003). The plaintiff's allegations of statements and/or actions by Chief Johnson do not fall within any of these possible wrongs.[2] The court shall grant Chief Johnson's motion to dismiss on all counts of the complaint by separate order.

---

[1]This is not to say that the allegations against Chief Johnson would not be relevant to the plaintiff's claims under Title VII.

[2]Like the allegations for outrage, the court is of the opinion that these statements could be relevant to the plaintiff's claim of discrimination or harassment, but not invasion of privacy.

4

**Motion to Dismiss of City of Decatur** (doc. 6):

The defendant City argues that the plaintiff cannot show that the behavior complained of was severe or pervasive enough to make out a claim for hostile environment sexual harassment. City's brief (doc. 7), at 5. This is a factual issue and simply not an appropriate determination for a motion to dismiss. The defendant argues that the behavior at issue may have been obnoxious, but was not within the Title VII boundaries for harassment. The court is of the opinion this is a factual issue and hence more appropriate for a motion for summary judgment than a motion to dismiss. The court shall deny the City of Decatur's motion to dismiss without prejudice to the City's right to file a motion for summary judgment at the appropriate time.

The parties also again raise whether the City can be liable on the state law claims. The court finds its ruling of October 2, 2007, dismissing the plaintiff's state law claims against defendant City of Decatur, disposed of these claims. Thus, only Title VII claims are pending.

As to plaintiff's claim under § 1981A, which the defendant City asserts may be § 1981a, the plaintiff does not address defendant's arguments that there is no viable claim under this code section and that it exists solely to clarify remedies available under Title VII. This is an accurate representation, and any claim plaintiff attempts to bring under that section shall be dismissed by separate order. See e.g.,

5

*Perry v. Dallas Independent School Dist.* 1998 WL 614668, *1, n. 1(N.D.Tex.1998)("At various points in the pleadings ...plaintiffs refer to a '§ 1981A' claim. There is no such thing. Section 1981a merely enhances the remedies otherwise available for intentional employment discrimination. *E.g., Presutti v. Felton Brush, Inc.,* 927 F.Supp. 545, 550 (D.N.H.1995); *Swartzbaugh v. State Farm Ins. Cos.,* 924 F.Supp. 932, 934 (E.D.Mo.1995)").

**Motion to Strike Claim for Punitive Damages** (doc. 11) :

The plaintiff concedes that the claim for punitive damages is due to be stricken. Plaintiff's response (doc. 24).  Although the plaintiff asserts that she can recover punitive damages against defendant Johnson in his individual capacity, the court's ruling on defendant Johnson's motion to dismiss moots this claim.  The court shall grant the defendant City of Decatur's motion to strike claim for punitive damages by separate order.

**DONE** this 10th day of October, 2007.

_____

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

6